IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VALERIE JEFFORDS**,<br><br>     Plaintiff,<br><br>v.<br><br>**NAVEX GLOBAL, INC.**,<br><br>     Defendant. | Case No. 3:21-cv-000414-SB<br><br>**ORDER ADOPTING FINDINGS & RECOMMENDATION** |

Ashley A. Marton, Cambreleng & Marton LLC, 3518 S. Corbett Avenue, Suite First Floor, Portland, OR 97239. Adam A. Carter & Robert Scott Oswald, The Employment Law Group, PC, 1717 K Street NW, Suite 1110, Washington, DC 20006. Attorneys for Plaintiff.

Joseph Cooper & Megan J. Crowhurst, Littler Mendelson, PC, 1300 SW Fifth Avenue, Wells Fargo Tower, Suite 2050, Portland, OR 97201. Attorneys for Defendant.

**IMMERGUT, District Judge.**

On February 17, 2023, Magistrate Judge Stacie Beckerman issued her Findings and Recommendation ("F&R"), ECF 67, recommending that Plaintiff Valerie Jeffords' ("Plaintiff") Motion for Partial Summary Judgment, ECF 34, be denied, and that Defendant NAVEX Global, Inc.'s ("Defendant") Motion for Summary Judgment, ECF 36, be granted.[1] Plaintiff timely filed

---

[1] Defendant also filed a Redacted Motion for Summary Judgment. ECF 52. This version was filed following Defendant's Unopposed Motion for Leave to Seal Previously Filed

objections, ECF 69, to which Defendant timely filed a response, ECF 70. This Court has reviewed de novo the portion of the F&R to which Plaintiff objected. For the following reasons, this Court ADOPTS Judge Beckerman's F&R.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## BACKGROUND

The present case arises out of an employment dispute. Defendant employed Plaintiff from 2008 through 2020. ECF 67 at 2–3, 5. Plaintiff's first role with the company was as a Solutions Consultant. ECF 34 at 6, ¶ 2. When Plaintiff's employment ended, she was the Senior Vice President, Customer Success, Global Services. ECF 36 at 1.

On December 30, 2018, Plaintiff was involved in a car accident unrelated to her work for Defendant and subsequently sought medical care for her injuries. ECF 34 at 12, ¶¶ 50, 52; ECF

---

Documents, ECF 49, which Magistrate Judge Beckerman granted on August 30, 2022, ECF 51. Defendant's Redacted Motion for Summary Judgment, ECF 52, is substantively identical to Defendant's Motion for Summary Judgment, ECF 36.

PAGE 2 – ORDER ADOPTING FINDINGS & RECOMMENDATION

67 at 3. Steve Chapman ("Chapman"), Plaintiff's supervisor, allowed Plaintiff to take time off from work for medical treatment and allowed Plaintiff to work from home when experiencing accident-related complications. ECF 67 at 3. In December of 2019, Chapman heard that Plaintiff was experiencing issues keeping up at work and suggested that Plaintiff meet with Cindy Raz ("Raz"), Defendant's Senior Vice President of Human Resources and Organizational Development, to discuss taking Family Medical Leave Act ("FMLA") leave. *Id.* Following that meeting, Plaintiff applied for continuous FLMA leave, which Defendant approved. *Id.*

Plaintiff's FMLA leave began on December 23, 2019. *Id.* at 4; ECF 34 at 14. Plaintiff initially anticipated taking five weeks of FMLA leave and returning to work on January 20, 2020. ECF 67 at 4; ECF 34 at 14, ¶ 63. Prior to January 20, 2020, Plaintiff reached out to Defendant and stated that she was not ready to return; Defendant approved Plaintiff's use of her full twelve weeks of FMLA leave and Plaintiff's anticipated return date became March 16, 2020, which was the last day of her protected FMLA leave. ECF 67 at 4; ECF 34 at 14, ¶ 64.

On February 28, 2020, Plaintiff's health care provider ("HCP"), Dr. McNally, completed a FMLA Certification, demonstrating that Jeffords was unable to perform any of her job duties and would remain incapacitated until "tbd." ECF 35–3, Ex. 16 at 4. This FMLA form was then transmitted to Defendant, who confirmed receipt of the form with Plaintiff on March 4, 2020. ECF 34-11, Ex. 14 at 1.

Separate from her FMLA leave, Plaintiff also obtained a Medical Request Form ("STD Form") to obtain short-term disability benefits from her insurance. ECF 67 at 4. On March 9, 2020, Jeffords sent NAVEX the STD Form completed by HCP Dr. Zielinski. ECF 36 at 9. The STD Form stated that Plaintiff was "[n]ot released for work" and was unable to return to work even if NAVEX provided accommodations because Plaintiff's job "require[d] a heavy cognitive

PAGE 3 – ORDER ADOPTING FINDINGS & RECOMMENDATION

load that [] she [wa]s unable to manage[,]" but that she could return to work with restrictions in three months and without restrictions in six months. *Id.* at 9; *see also* ECF 36, Ex. A at 270; ECF 36, Ex. F at 3–4.

On March 16, 2020, Chapman and Raz called Plaintiff. ECF 34-13, Ex. 17. On the call, Chapman and Raz informed Plaintiff that Defendant was terminating her employment. *Id.* at 6. Raz stated that the decision was made, in part, "as a result of [Plaintiff's HCP] informing [Defendant] that [Plaintiff was] not able to return to work." *Id.* at 10. Following the phone call, After the termination call, Plaintiff emailed Raz and Chapman and requested that Defendant accommodate her by allowing her to maintain employment with NAVEX and either "allow [her] to extend recovery time using a Leave of Absence until [her] doctors approve a ramp back into full time status" or "allow [her] to use a Leave of Absence until doctors approve a full return." ECF 34-15, Ex. 19. Raz responded to Plaintiff and stated to her that "regretfully, [a leave of absence] does not afford you any guarantee a position would be available to you once your [HCP] fully releases you back to work." ECF 36 at 316. Defendant did not approve Plaintiff's requested leave of absence. *See id.*; ECF 34-18, Ex. 22 at 1.

In May 2020, Plaintiff sent Chapman an email with the subject line "Good news! Mid June," suggesting that she would be able to return to work in mid-June. ECF 34-18, Ex. 22. On May 12, 2020, Chapman responded that he was "unable to bring [her] back until [Defendant/Raz] receives a formal release from [Plaintiff's] doctor." *Id.* at 2. On May 19, Plaintiff responded that "[i]t is unfair to only reemploy me if I do not have any restrictions [and] I am perfectly capable of performing my job duties with reasonable accommodations." *Id.* Plaintiff stated that "[t]o deny me employment simply because I will require reasonable accommodation is discrimination" and "[a]s such, I expect my reemployment to be effective on

May 26, 2020." *Id.* Chapman responded that the letter Plaintiff provided from her HCP stated she was not released to work, even with restrictions, until June 17, 2020. *Id.* at 1. Chapman then informed Plaintiff that "we cannot hire you back" and directed Plaintiff to reach out to Raz with any further communication. *Id.*

Plaintiff subsequently contacted Raz, who informed Plaintiff that it "was never the case" that Jeffords would be required to be "100% physically" to return to work. ECF 34-19, Ex. 23 at 2, 3–4. Raz reiterated the events surrounding Jeffords's March 16, 2020 termination, and informed Plaintiff that despite Plaintiff's submission of a new FMLA Certification that stated that she would be able to return to work on June 17, 2020, reinstatement was "not available." *Id.* at 2.

Plaintiff filed her Complaint against Defendant on March 17, 2021, asserting claims under the FMLA, the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Equal Pay Act ("EPA"). ECF 1. Plaintiff moved for partial summary judgment on her FMLA claim on July 15, 2022. ECF 34. Defendant moved for summary judgment on all claims that same day. ECF 36. Oral argument on the parties' respective motions was held on December 20, 2022, in front of Judge Beckerman. ECF 63. On February 17, 2023, Judge Beckerman issued her F&R, recommending that this Court deny Plaintiff's partial motion for summary judgment and grant Defendant's motion for summary judgment. ECF 67. Plaintiff subsequently timely filed objections to Judge Beckerman's F&R, ECF 69, to which Defendant timely responded, ECF 70.

## DISCUSSION

Plaintiff's objections challenge Judge Beckerman's recommendation that summary judgment be granted in favor of Defendant on Plaintiff's FMLA claim and ADA claim. *Id.* at 2, 4. Plaintiff argues that Judge Beckerman's recommended dismissal of her FMLA claim is

PAGE 5 – ORDER ADOPTING FINDINGS & RECOMMENDATION

improper because the F&R "d[id] not look at the facts in the light most favorable to the Plaintiff when [she] conclude[d] that Plaintiff had no right to reinstatement." *Id.* at 2. Plaintiff raises four specific objections to the F&R's evaluation of the evidence. First, Plaintiff argues that the F&R errs in not mentioning an email Plaintiff sent to Defendant on March 10, 2020, to which Defendant did not respond. *Id.* Second, Plaintiff argues that the F&R failed to consider "that on the same day Plaintiff was entitled to return to work, she was terminated that morning." *Id.* at 3. Third, Plaintiff argues that the F&R "do[es] not consider the fact that on March 16, 2020, the very meaning of 'returning to work' had changed because of the COVID-19 pandemic." *Id.* Finally, Plaintiff argues that the existence of a recording of the March 16, 2020 phone call, in which Chapman and Raz inform Plaintiff that Defendant was terminating her employment, creates a genuine dispute of material fact regarding Plaintiff's ability to return to work on that date. *Id.*

Plaintiff next argues that the F&R errs in recommending dismissal of her ADA claim. *Id.* at 4. Plaintiff argues that the F&R fails to "look at the facts in the light most favorable to Plaintiff" in concluding that "Plaintiff was not a 'qualified individual' under the ADA." *Id.* Plaintiff raises two specific arguments with respect to the F&R's ADA analysis. First, Plaintiff argues that the F&R misinterprets the information available to Defendant at the time of Plaintiff's termination. *Id.* Second, Plaintiff argues that she was prevented from providing Defendant with new information that could have rendered her as a "qualified individual" and thus was prohibited from engaging in the interactive process as required under the ADA. *Id.* This Court considers Plaintiff's objections in turn.

**A. Plaintiff's FMLA Objections**

Plaintiff objects to the F&R's finding that Plaintiff had no right to reinstatement under the FMLA. Plaintiff argues that the F&R fails to view the evidence in the record in the light most

PAGE 6 – ORDER ADOPTING FINDINGS & RECOMMENDATION

favorable to Plaintiff, which is required on a motion for summary judgment. *Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th Cir. 2015). This Court finds Plaintiff's arguments unavailing.

Under the FMLA, an employee has the right to take up to twelve workweeks of leave in any twelve-month period if a "serious health condition . . . makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). An employee who takes FMLA leave also "has a right to return to his or her job or an equivalent job after using protected leave." *Bachelder v. Am. West Airlines, Inc.*, 259 F.3d 1112, 1122 (9th Cir. 2001). Under § 2615(a)(1), it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" the substantive rights guaranteed by FMLA. 29 U.S.C. § 2615(a)(1).

"The right to reinstatement guaranteed by 29 U.S.C. § 2614(a)(1) is the linchpin of the entitlement theory because 'the FMLA does not provide leave for leave's sake, but instead provides leave with an expectation that an employee will return to work after the leave ends.'" *Edgar v. JAC Prods., Inc.*, 443 F.3d 501, 507 (6th Cir. 2006) (alteration omitted) (quoting *Throneberry v. McGehee Desha Cnty. Hosp.*, 403 F.3d 972, 978 (8th Cir. 2005)). An employee makes out a prima facie case for interference when the employee presents "evidence that an employer failed to reinstate an employee who was out on FMLA leave to her original (or equivalent) position." *Sanders v. City of Newport*, 657 F.3d 772, 778 (9th Cir. 2011).

"Although the FMLA created a statutory right to reinstatement after taking FMLA leave, this right is not without limits." *Id.* at 778; *see also* 29 U.S.C. § 2614(a)(3)(B) ("Nothing in this section shall be construed to entitle any restored employee to . . . any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave."). Once an employee makes out a prima facie case

PAGE 7 – ORDER ADOPTING FINDINGS & RECOMMENDATION

for interference, the burden shifts to the employer to show that there was a legitimate reason to deny the employee reinstatement. *Sanders*, 657 F.3d at 780. The Department of Labor has promulgated various regulations that "set forth the limitations on an employee's right to reinstatement." *Id.* at 779. One such limitation, applicable to the present case, states that there is no right to restoration "[i]f the employee is unable to perform an essential function of the position because of a physical or mental condition . . . ." 29 C.F.R. § 825.216(c).

Plaintiff objects to the F&R's finding that Defendant had a legitimate reason to deny her reinstatement at the conclusion of her FMLA leave. Upon reviewing the evidence in the record in the light most favorable to Plaintiff, however, this Court finds that there is no genuine dispute of material fact regarding Plaintiff's inability to perform the essential function of her position due to her physical condition at the time of her termination. *See Reza v. Int'l Game Tech.*, 351 F. App'x 188, 189–90 (9th Cir. 2009) (affirming the grant of summary judgment in defendant's favor where the plaintiff was unable to perform an essential job function and therefore had no right to restoration).

Plaintiff makes several arguments to show the existence of a genuine dispute of material fact, each of which is unavailing. First, Plaintiff argues that Defendant failed to respond to an email sent on March 10, 2020, in which Plaintiff asked a representative of Defendant "[w]hen does FMLA end? . . . [a]nd what does that mean, really?" ECF 34 at 14, ¶ 67. Plaintiff argues that Defendant's failure to respond to this email constitutes interference because "prior to Plaintiff's termination, she was not provided the relevant information about her FMLA leave and unable to provide new doctors forms, which could have reflected a reasonable accommodation and changes in circumstances brought on by universal teleworking brought on by the COVID-19 pandemic." ECF 69 at 2–3. Plaintiff does not to point to evidence in the record, however, that is

consistent with her argument that she could have submitted new doctors' forms in the period between March 9, 2020—when HCP Dr. McNally stated on Plaintiff's STD form that Plaintiff was not released for work and could not return to work even with accommodations, ECF 36, Ex. A at 270—and March 16, 2020, when Plaintiff was terminated.

Plaintiff next argues that the F&R ignores the fact that "Plaintiff could have returned to work on March 16, 2020." ECF 69 at 3. The evidence in the record shows that on March 16, 2020—the date that Plaintiff's twelve weeks of FMLA leave expired—Defendant had received two medical evaluations regarding Plaintiff, and both stated that Plaintiff was unable to return to work due to her medical condition. ECF 35-3, Ex. 16 at 4; ECF 36, Ex. A at 270. As such, Plaintiff's argument that the F&R should have found that she could have returned to work on March 16, 2020, is foreclosed by the evidence in the record. Plaintiff next argues that the F&R fails to address the more general circumstance surrounding remote work and "return to work" during the COVID-19 pandemic. ECF 69 at 3. This argument mischaracterizes the F&R's analysis, which clearly considered the opinion of Dr. McNally, who stated in a deposition that working from home might have been an option for Plaintiff. ECF 67 at 12; *see* ECF 34-14, Ex. 18 at 95. As the F&R notes, this statement appears to be referring to Plaintiff's ability to work from home on June 18, 2020, after the expiration of Plaintiff's FMLA leave, and is contradicted by his contemporaneous certification as Plaintiff being unable to perform any of her job duties. *Id.*

Plaintiff additionally argues that the F&R errs in finding that the recording of the March 16, 2020 conversation did not itself create a genuine dispute of material fact regarding Plaintiff's ability to return to work. Plaintiff argues that "[a] jury could listen to that recording and determine that Plaintiff was of sufficient mental acuity to be able to attend telephone conferences

PAGE 9 – ORDER ADOPTING FINDINGS & RECOMMENDATION

and begin back at her job." ECF 69 at 3. Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient" to create a genuine dispute of material fact that would preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and internal quotation marks omitted).

This Court finds that considering the record as a whole there is no genuine dispute of material fact regarding the legitimacy of Defendant's reason for terminating Plaintiff. Rather, the evidence shows that at the time that Plaintiff's FMLA leave expired, Plaintiff was unable to return to work due to a physical condition. Both of Plaintiff's HCPs had not released her to return to work in any capacity, limited or otherwise. ECF 35-3, Ex. 16 at 4; ECF 36, Ex. A at 270. Moreover, Plaintiff's argument that a jury could listen to the recorded March 16 call and find that she was able to return to work is contradicted by Plaintiff's own statements, both during the phone call itself, ECF 34-13, Ex. 17 at 4–5 ("I'll know . . . in this week or next week . . . where I stand in terms of being able to try to do things like go to the grocery store by myself and what have you. . . . I want to get past this place where bright sun doesn't make me feel nauseous and being able to walk straight without holding the wall."), and in an email sent to Defendant four days after the phone call, ECF 43 at 1 ("I filed for unemployment but don't think it will get approved [because] I'm unable to work still."). As such, the evidence demonstrates that Defendant terminated Plaintiff for a legitimate reason, and this Court adopts the F&R's finding that summary judgment should be granted for Defendant on Plaintiff's FMLA claim.

B.  **Plaintiff's ADA Claim Objections**

Plaintiff claims that the F&R errs in concluding that she was not a "qualified individual" within the meaning of the ADA. ECF 69 at 4. Plaintiff raises two arguments in support of her objection. First, Plaintiff argues that the F&R impermissibly favors Defendant because it concludes that "the only information available to the Defendant was Dr. McNally's [February 28, 2020] FMLA Certification and Dr. Zielinski's [March 9, 2020] STD Form" when "Dr. McNally testified that the medical records do not speak to a patient's ability to work with a certain cognitive load." Second, Plaintiff argues that Plaintiff was prevented from providing Defendant with new doctors' forms that could have rendered her a "qualified individual." For the following reasons, this Court finds that the F&R did not err in concluding that Plaintiff was not a qualified individual under the ADA.

To sustain a claim under the ADA, a plaintiff must show that (1) she is "disabled" within the meaning of the Act; (2) she is a "qualified individual" within the meaning of the Act; and (3) she was terminated because of her disability. *Kaplan v. City of N. Las Vegas*, 323 F.3d 1226, 1229 (9th Cir. 2003). The Act defines "qualified individual" as an individual with a disability "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). If an employee is unable to perform the essential functions of their position without accommodation at the time of their termination, then she is not a qualified individual under the ADA. *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1112 (9th Cir. 2000).

As discussed above, the evidence in the record illustrates that Plaintiff was unable to return to work and perform the essential functions of her position with or without accommodations. ECF 35-3, Ex. 16 at 4; ECF 36 at 325. Plaintiff cites no evidence in the record of other medical opinions that suggested, at the time of her termination, that she could have

PAGE 11 – ORDER ADOPTING FINDINGS & RECOMMENDATION

performed the essential functions of her employment without accommodation. Plaintiff also cites no authority for the proposition that Defendant violated the ADA by failing to advise her to submit another form that would release her to return to work. Indeed, as noted above, the evidence in the record at the time that Plaintiff was terminated shows that Plaintiff was not released to return to work by two separate health care providers. As such, the F&R correctly concluded that there was no genuine issue of material fact regarding Plaintiff's status as a "qualified individual" under the ADA and did not err in recommending that this Court grant Defendant's motion for summary judgment.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Beckerman's F&R to which Plaintiff objected. Judge Beckerman's F&R, ECF 67, is adopted in full. This Court DENIES Plaintiff's Motion for Partial Summary Judgment, ECF 34, GRANTS Defendant's Motion for Summary Judgment, ECF 36, and DISMISSES this case with prejudice.

**IT IS SO ORDERED**.

DATED this 30th day of March, 2023.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge