IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **VALERIE JEFFORDS**,<br><br>   Plaintiff,<br><br>  v.<br><br>**NAVEX GLOBAL, INC.**,<br><br>   Defendant. | Case No. 3:21-cv-00414-IM<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Ashley A. Marton & Rebecca Cambreleng, Cambreleng & Marton LLC, 3518 S. Corbett Avenue, Portland, OR 97239. Adam Augustine Carter, Alexa Helen Calomiris & Robert Scott Oswald, Employment Law Group, P.C., 1717 K Street NW, Suite 1110, Washington, DC 20006. Attorneys for Plaintiff.

Joseph Cooper, Megan J. Crowhurst & Alyssa Noreen Farley, Littler Mendelson, P.C., 1300 SW Fifth Avenue, Suite 2050, Portland, OR 97201. Bren K. Thomas, Littler Mendelson, P.C., 18565 Jamboree Road, Suite 800, Irvine, CA 92612. Peter C. Prynkiewicz, Littler Mendelson, 2425 E. Camelback Road, Suite 900, Phoenix, AZ 85016. Attorneys for Defendant.

**IMMERGUT, District Judge.**

  In this employment discrimination case, Plaintiff Valerie Jeffords brought claims against Defendant NAVEX Global, Inc. under the Americans with Disabilities Act ("ADA") for (1) disability discrimination, (2) failure to accommodate, and (3) retaliation. First Amended

PAGE 1 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

Complaint ("FAC"), ECF 5 ¶¶ 45–65, 92–100. Plaintiff's ADA discrimination and failure to accommodate claims proceeded to a five-day jury trial, and the jury returned a verdict for Defendant on both claims. Redacted Jury Verdict Form, ECF 147. In a special verdict, the jury found that Plaintiff was not a "qualified individual" under the ADA, a necessary element of both claims. *Id.* at 1; *see* 42 U.S.C. §§ 12111(8), 12112(a). The parties agreed that the remaining ADA retaliation claim should be decided by this Court because "ADA retaliation claims 'are redressable only by equitable relief,' not compensatory or punitive damages, and thus 'no jury trial is available.'" Pretrial Conf. Order, ECF 125 at 2 (quoting *Alverado v. Cajun Operating Co.*, 588 F.3d 1261, 1270 (9th Cir. 2009)). Both parties filed proposed Findings and Conclusions to assist this Court. Plaintiff's Proposed Findings of Fact & Conclusions of Law ("Plaintiff's Findings & Conclusions"), ECF 160; Defendant's Proposed Findings of Fact & Conclusions of Law ("Defendant's Findings & Conclusions"), ECF 161.

      Plaintiff acknowledges that "the jury found that Jeffords was not a 'qualified individual' within the meaning of the ADA," but Plaintiff argues that she may still prevail on her remaining ADA retaliation claim because "she does not need to be a qualified individual in order to be protected under the ADA's anti-retaliation provisions." Plaintiff's Bench Brief on Equitable Relief Available ("Plaintiff's Supp. Br."), ECF 151 at 2–3. The problem with Plaintiff's argument is that Plaintiff previously took the contrary position to argue that her ADA retaliation claim survived summary judgment because there was a triable issue on whether Plaintiff was a qualified individual. Pretrial Conf. Tr. 10:18–19, ECF 152-1 at 7 ("Whether you're a qualified individual applies to all three ADA claims . . . ."). And critically, this Court adopted Plaintiff's prior position on this issue. Pretrial Conf. Order, ECF 125 at 2–3.

PAGE 2 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

Because Plaintiff now assumes a contrary position following an unfavorable jury verdict, this Court finds that the doctrine of judicial estoppel applies and bars Plaintiff from arguing that she need not prove she was a qualified individual to prevail on her ADA retaliation claim. In light of the jury's verdict finding that Plaintiff was not a qualified individual, which is a binding factual determination on this Court, Plaintiff cannot prevail on her ADA retaliation claim.

### FINDINGS OF FACT[1]

1. On March 17, 2021, Plaintiff Valerie Jeffords filed this employment discrimination lawsuit against Defendant NAVEX Global, Inc., asserting claims under the ADA, the Family and Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964, and the Equal Pay Act. Complaint, ECF 1 ¶¶ 45–100.

2. On April 7, 2021, Plaintiff filed a First Amended Complaint, asserting the same six claims raised in the Complaint: (1) disability discrimination under the ADA, (2) failure to accommodate under the ADA, (3) interference under the FMLA, (4) gender discrimination in violation of Title VII, (5) unequal pay in violation of the Equal Pay Act, and (6) retaliation in violation of the ADA. FAC, ECF 5 ¶¶ 45–100.

3. On July 15, 2022, Defendant moved for summary judgment on all six claims in the First Amended Complaint. Sealed Motion for Summary Judgment, ECF 36 at 23–44; *see also* Redacted Motion for Summary Judgment, ECF 52 at 23–44.

---

[1] Given this Court's resolution of Plaintiff's ADA retaliation claim based on judicial estoppel, this Court only recounts the facts relevant to application of judicial estoppel. Here, that means recounting this case's procedural history, specifically Plaintiff's shifting legal positions with respect to whether being a qualified individual is an element of her ADA retaliation claim.

PAGE 3 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

4. On February 17, 2023, Magistrate Judge Stacie Beckerman issued her Findings and Recommendation ("F&R"), recommending that this Court grant Defendant's Motion for Summary Judgment. F&R, ECF 67.

5. On March 30, 2023, this Court adopted in full Judge Beckerman's F&R and granted Defendant's Motion for Summary Judgment. Order Adopting F&R, ECF 71.

6. On April 18, 2023, Plaintiff appealed this Court's Judgment granting summary judgment to Defendant on all claims. Notice of Appeal, ECF 75; *see* Judgment, ECF 74.

7. As Plaintiff later conceded, she did not appeal the grant of summary judgment to Defendant on either her gender discrimination claim under Title VII or her unequal pay claim under the Equal Pay Act. *See* Pretrial Conf. Tr. 7:22–25, ECF 152-1 at 4 ("The claim that was abandoned on appeal, very clearly, was the Title VII [claim]. . . . There was [also] a claim about pay inequity. That was abandoned on appeal for sure . . . .").

8. With respect to her ADA claims, Plaintiff argued that "because a reasonable factfinder could agree that Jeffords was able to perform her job with a reasonable accommodation, she was a 'qualified individual' under the ADA." Plaintiff's Opening Br. at 27, No. 23-35271 (9th Cir. Sept. 29, 2023), ECF 6 (citation modified).

9. Plaintiff made no other argument related to this Court's grant of summary judgment to Defendant on the ADA retaliation claim, and Plaintiff did not even mention the ADA retaliation claim in her opening brief. *See generally id.*

10. As to Plaintiff's argument that "genuine disputes of material fact remained as to whether Plaintiff was a qualified individual under the ADA," the Ninth Circuit agreed with Plaintiff. Order Clarifying Remaining Issues for Trial, ECF 101 at 2 (citing *Jeffords v. NAVEX Glob., Inc.*, No. 23-35271, 2024 WL 3384223, at *2 (9th Cir. July 12, 2024)).

PAGE 4 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

11. However, the Ninth Circuit affirmed this Court's grant of summary judgment to Defendant on the FMLA claim, and consequently, the Ninth Circuit "affirmed in part as to Jeffords's FMLA claim and reversed and remanded in part as to her ADA claims." *Jeffords*, 2024 WL 3384223, at *1–2 (citation modified).

12. On remand, the parties disagreed as to whether the Ninth Circuit reversed and remanded as to only Plaintiff's disability discrimination and failure to accommodate claims under the ADA, or also as to her retaliation claim under the ADA. *See* Proposed Joint Pretrial Order, ECF 98 at 18–20.

13. Whereas Plaintiff contended that her ADA retaliation claim remained for trial, Defendant argued that "[t]he Ninth Circuit did not consider, or remand for trial, the issue . . . whether NAVEX terminated her employment in retaliation for Jeffords' alleged request for a reasonable accommodation." *Id.* at 19.

14. The opening sentence of the Ninth Circuit's memorandum disposition omitted reference to Plaintiff's ADA retaliation claim: "Valerie Jeffords appeals an order granting summary judgment to NAVEX Global, Inc. on her [FMLA] interference claim under 29 U.S.C. §§ 2614(a), 2615(a)(1), and her [ADA] *claims of discrimination and failure to accommodate* under 42 U.S.C. § 12112(a), (b)(5)(A)." *Jeffords,* 2024 WL 3384223, at *1 (emphasis added).

15. On May 12, 2025, this Court issued an initial ruling on this dispute, finding that "[t]o the extent the Ninth Circuit did not distinctly address each of Plaintiff's three ADA claims, it was because this Court's opinion had decided the motion for summary judgment on an element common to all three claims," namely "whether Plaintiff was a qualified individual under the ADA." Order Clarifying Remaining Issues for Trial, ECF 101 at 2–3; *see* F&R, ECF 67 at 18

PAGE 5 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

(holding that "Jeffords's failure to accommodate and retaliation claims also fail because she was not a 'qualified individual' under the ADA").

16. On June 6, 2025, at the pretrial conference, this Court heard the parties' arguments as to whether the Ninth Circuit remanded, or even considered, Plaintiff's ADA retaliation claim. ECF 124; *see* Pretrial Conf. Tr. 5:1–14:23, ECF 152-1 at 2–11.

17. Defendant argued that Plaintiff "did not appeal in any way . . . the third ADA retaliation claim." Pretrial Conf. Tr. 10:11–12, ECF 152-1 at 7.

18. Plaintiff countered that "the main issue before the Ninth Circuit was[:] is she a qualified employee?" *Id.* 10:16–17.

19. And Plaintiff reasoned that "[w]hether you're a qualified employee applies to all three ADA claims; so that whole . . . analysis applies to all three claims." *Id.* 10:18–20.

20. On June 9, 2025, this Court issued a pretrial conference order, agreeing with Plaintiff that "all three of Plaintif's ADA claims alleging discrimination, failure-to-accommodate, and retaliation, respectively, remain for trial." Pretrial Conf. Order, ECF 125 at 2.

21. This Court adopted Plaintiff's reasoning that "the Ninth Circuit's reversal of this Court's finding on the qualified-individual element—a common element of all three claims—necessarily goes to all of the claims." *Id.*

22. As to Plaintiff's ADA retaliation claim, it did not proceed to a jury trial because "ADA retaliation claims 'are redressable only by equitable relief,' not compensatory or punitive damages, and thus 'no jury trial is available.'" *Id.* (quoting *Alverado v. Cajun Operating Co.*, 588 F.3d 1261, 1269–70 (9th Cir. 2009)).

23. "Given that the parties . . . indicated that there is little evidence specific to the retaliation claim," this Court reserved "enter[ing] factual findings on the retaliation claim following the jury trial." *Id.*

24. Plaintiff's two claims for discrimination and failure to accommodate under the ADA proceeded to a five-day jury trial, and on June 30, 2025, the jury returned a verdict for Defendant on both claims. Redacted Jury Verdict Form, ECF 147.

25. In a special verdict, the jury found that Plaintiff could not perform the essential functions of her employment with or without accommodation. *Id.* at 1; *see* 42 U.S.C. §§ 12111(8), 12112(a).

26. Therefore, the jury found that Plaintiff was not a "qualified individual" under the ADA, a necessary element of both the discrimination and failure to accommodate claims. *See, e.g.*, *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9th Cir. 2015); *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012).

27. On July 1, 2025, this Court ordered supplemental briefing from the parties regarding the impact of the jury's verdict on Plaintiff's remaining equitable claim for retaliation under the ADA. ECF 150.

28. On July 14, 2025, Plaintiff filed a supplemental brief and argued that she need not establish that she was a qualified individual to prevail on her ADA retaliation claim, taking a position contrary to her position at the pretrial conference, which this Court had adopted. Plaintiff's Supp. Br., ECF 151 at 1–3; *see supra* ¶¶ 18–21.

29. On July 29, 2025, Defendant filed a supplemental brief responding to Plaintiff and arguing that "[t]he doctrine of judicial estoppel precludes Plaintiff's new argument that she does

PAGE 7 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

*not* have to prove that she was a qualified individual with a disability to prevail on her ADA retaliation claim." Defendant's Supp. Br., ECF 152 at 2 (emphasis in original); *see id.* at 2–5.

30. On September 18, 2025, the parties each filed proposed findings of fact and conclusions of law on the ADA retaliation claim. Plaintiff's Findings & Conclusions, ECF 160; Defendant's Findings & Conclusions, ECF 161.

31. Defendant again argued that judicial estoppel barred Plaintiff from taking the position that Plaintiff need not be a qualified individual to prevail on her retaliation claim. Defendant's Findings & Conclusions, ECF 161 ¶¶ 81–98.

32. Plaintiff countered that her new position is a "clarification" that "does not warrant judicial estoppel." Plaintiff's Findings & Conclusions, ECF 160 at 21 n.3.

## CONCLUSIONS OF LAW

Based on the procedural history of this case detailed above in the factual findings, this Court concludes that the doctrine of judicial estoppel bars Plaintiff from asserting that Plaintiff does not need to be a qualified individual to prevail on her ADA retaliation claim. Therefore, the jury's determination that Plaintiff is not a qualified individual is dispositive of Plaintiff's ADA retaliation claim, and this Court concludes that Defendant is not liable on the retaliation claim.

"Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *Milton H. Green Archives, Inc. v. Marilyn Monroe LLC*, 692 F.3d 983, 993 (9th Cir. 2012) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (citation modified)). In other words, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position." *Baughman v. Walt Disney World Co.*, 685 F.3d 1131, 1133 (9th Cir. 2012) (citation modified).

Judicial estoppel "is an equitable doctrine invoked 'not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts." *Milton H. Green Archives*, 692 F.3d at 993 (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (citation modified)). The Supreme Court has "identified three factors that courts should consider in determining whether the doctrine is applicable in a given case." *Id.* at 993–94. The factors are:

(1) Is the party's later position "clearly inconsistent with its earlier position?"
(2) Did the party succeed in persuading a court to accept its earlier position, creating a perception that the first or second court was misled? and
(3) Will the party seeking to assert an inconsistent position "derive an unfair advantage or impose an unfair detriment on the opposing party?"

*Baughman*, 684 F.3d at 1133 (quoting *New Hampshire v. Maine*, 532 U.S. at 750–51).

In this case, all three factors weigh in favor of applying judicial estoppel to Plaintiff's arguments regarding whether being a qualified individual is an element of a retaliation claim under the ADA. This Court therefore exercises its discretion to apply judicial estoppel. *See id.*

As to (1), there is no dispute that Plaintiff's later position is "clearly inconsistent with [her] earlier position." *Id.* (citation modified). At the pretrial conference, Defendant contended that Plaintiff "did not appeal in any way . . . the third ADA retaliation claim." Pretrial Conf. Tr. 10:11–12, ECF 152-1 at 7. Plaintiff countered Defendant's argument by reasoning that "the main issue before the Ninth Circuit was[:] is she a qualified employee," and "[w]hether you're a qualified employee applies to all three ADA claims." *Id.* 10:16–19. Now that the jury has found that Plaintiff was not a qualified individual, Plaintiff takes the clearly inconsistent position that she need not show that she was a qualified individual to prevail on her ADA retaliation claim. Plaintiff's Supp. Br., ECF 151 at 1–3; Plaintiff's Findings & Conclusions, ECF 160 at 21–22.

PAGE 9 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

As to (2), once again there is no question that Plaintiff "succeed[ed] in persuading [this] [C]ourt to accept [her] earlier position, creating a perception that the . . . court was misled." *Baughman*, 684 F.3d at 1133. At the pretrial conference, Plaintiff persuaded this Court that "all three of Plaintif's ADA claims alleging discrimination, failure-to-accommodate, and retaliation, respectively, remain for trial" because "the Ninth Circuit's reversal of this Court's finding on the qualified-individual element—a common element of all three claims—necessarily goes to all of the claims." Pretrial Conf. Order, ECF 125 at 2. Regardless of the merits of Plaintiff's present position to the contrary, *see* Plaintiff's Findings & Conclusions, ECF 160 at 21–22, Plaintiff successfully convinced this Court to adopt its prior position at the pretrial conference.

As to (3), Plaintiff will "derive an unfair advantage" if this Court now allows her to assert that she need not prove that she was a qualified individual. *Baughman*, 684 F.3d at 1133 (citation modified). In her opening brief on appeal, Plaintiff made no mention of her ADA retaliation claim. *See* Plaintiff's Opening Br. at 27, No. 23-35271 (9th Cir. Sept. 29, 2023), ECF 6. And the first sentence of the Ninth Circuit's memorandum disposition suggests that the Ninth Circuit did not even consider the ADA retaliation claim on appeal. *See Jeffords,* 2024 WL 3384223, at *1 ("Valerie Jeffords appeals an order granting summary judgment to NAVEX Global, Inc. on her [FMLA] interference claim under 29 U.S.C. §§ 2614(a), 2615(a)(1), and her [ADA] *claims of discrimination and failure to accommodate* under 42 U.S.C. § 12112(a), (b)(5)(A)." (emphasis added)). Therefore, the sole basis for this Court to conclude that Plaintiff appealed her retaliation claim was that the retaliation claim contained the "qualified individual" element in common with the ADA discrimination and failure to accommodate claims. *See* Pretrial Conf. Order, ECF 125 at 2. "Plaintiff cannot have it both ways." Defendant's Supp. Br., ECF 152 at 5. "Either the Ninth Circuit remanded Plaintiff's ADA retaliation claim for trial on the predicate issue of whether she

PAGE 10 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

was a 'qualified individual,' as Plaintiff previously asserted, or Plaintiff failed to timely appeal her ADA retaliation claim, and the Ninth Circuit did not consider it and remand it for trial." *Id.* Plaintiff previously persuaded this Court of the former. If she had advanced her new argument at the pretrial conference, the result would have been the latter that "Plaintiff failed to timely appeal her ADA retaliation claim" and the retaliation claim would have never advanced to trial. *Id.* Therefore, Plaintiff would "derive an unfair advantage" if this Court were to permit her to advance her new argument. *Baughman*, 684 F.3d at 1133 (citation modified).

In short, "[t]his is a textbook case for applying judicial estoppel." *Milton H. Green Archives*, 692 F.3d at 1000. Plaintiff provides various reasons why "[j]udicial estoppel is inappropriate here," but none have merit. Plaintiff's Findings & Conclusions, ECF 160 at 21 n.3. Plaintiff first argues that her "previous oral comment is a mistaken statement of the law," *id.*, as opposed to a factual misrepresentation, but judicial estoppel applies "to prevent a party from making a *legal* assertion that contradicted its earlier *legal* assertion." *Baughman*, 684 F.3d at 1133 (emphasis added). Plaintiff next argues that this Court did not likely rely on Plaintiff's admitted "mischaracterization" and that Plaintiff did not derive any unfair advantage, Plaintiff's Findings & Conclusions, ECF 160 at 21 n.3, but as discussed above, Plaintiff is incorrect on both fronts.

In addition, Plaintiff claims that since her "counsel's statement was mistaken, accidental and inadvertent," judicial estoppel does not apply. *Id.* Plaintiff cites the Ninth Circuit's decision in *Johnson v. Oregon*, 141 F.3d 1361, 1369 (9th Cir. 1998), for the proposition that "[i]f incompatible positions are based not on chicanery, but only on inadvertence or mistake, judicial estoppel does not apply." *Id.* But as the Ninth Circuit subsequently clarified, "to the extent that we have suggested, as in *Johnson,* that a showing of chicanery is an 'inflexible prerequisite' to

PAGE 11 – FINDINGS OF FACT AND CONCLUSIONS OF LAW

judicial estoppel, . . . *Johnson* [is] inconsistent with" governing Supreme Court precedent. *Milton H. Green Archives*, 692 F.3d at 995. The Ninth Circuit therefore "clarif[ied] that chicanery or knowing misrepresentation by the party to be estopped is a factor to be considered in the judicial estoppel analysis and not an 'inflexible prerequisite' to its application." *Id.* And here, this one factor does not override the three governing factors that weigh in favor of applying the doctrine.

For the above reasons, judicial estoppel applies, and Plaintiff is bound by her previous position that she must prove that she was a qualified individual to prevail on her ADA retaliation claim. For cases in which "legal claims are tried by a jury and equitable claims are tried by a judge, and those claims are based on the same facts, the trial judge must follow the jury's implicit or explicit factual determinations in deciding the equitable claims." *Teutscher v. Woodson*, 835 F.3d 936, 944 (9th Cir. 2016) (citation modified). "The trial court must do so in determining both liability and relief on the equitable claims." *Id.* Here, the jury resolved Plaintiff's legal claims for discrimination and failure to accommodate under the ADA in favor of Defendant based on its factual determination that Plaintiff was not a qualified individual. This Court must "follow the jury's . . . explicit factual determination[] in deciding the equitable claim[]" of retaliation under the ADA. *Id.* (citation modified). Therefore, Plaintiff was not a qualified individual, and Defendant is not liable on Plaintiff's ADA retaliation claim.

## CONCLUSION

Based on the above Findings of Fact and Conclusions of Law, this Court concludes that judicial estoppel precludes Plaintiff from asserting that she does not need to be a qualified individual to prevail on her retaliation claim under the ADA. The jury found that Plaintiff was not a qualified individual, and thus, Defendant is not liable on Plaintiff's ADA retaliation claim.

**IT IS SO ORDERED.**

DATED this 5th day of March, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge